(77 South. 420)

AUXFORD BROWN ORE CO. v. PIERCE.
(8 Div. 480.)

(Court of Appeals of Alabama. Dec. 18, 1917.)

1. MASTER AND SERVANT ☞80(8) — ACTION FOR WAGES—EVIDENCE.

The act of a general agent of defendant who employed plaintiff in stating the amount to which plaintiff was entitled is binding, and so where it was a question for the jury whether the agent's authority was general or special, a statement of the amount due plaintiff, delivered to plaintiff by such agent, was properly received.

2. PRINCIPAL AND AGENT ☞122(1)—AUTHORITY—AGENT'S ACTS AND DECLARATIONS.

An agent cannot by his acts and declarations define the scope of his agency so as to be binding on his principal, unless such acts were authorized or known to and ratified by the principal.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Action by J. E. Pierce against the Auxford Brown Ore Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Action on the common counts for work and labor done and on account.

Travis Williams, of Russellville, for apellant. Henry D. Jones, of Russellville, for appellee.

SAMFORD, J. [1] The plaintiff, testifying in his own behalf, testified to the correctness of the account and to the work and labor performed by him for the defendant, amounting in the aggregate to the amount claimed. This was not denied by the defendant, but defendant claimed a set-off for house rent, and for some coal used by the plaintiff during the time plaintiff was working for defendant. Plaintiff offered in evidence a statement, partly printed and partly written, which reads as follows:

"46.65. Russellville, Ala., Dec. 21, 1915.

"Name—J. E. Pierce, Received of Auxford Brown Ore Co. forty-six and 65/100 dollars, full settlement of wages due me on —— pay roll.

"[Signed] ——."

The witness then states that this paper was given to him on December 21, 1915, by K. S. Sessions. It was further testified to by plaintiff that Sessions was superintendent, had charge of the commissary, had charge of all the men, and carried on all the business of the company; that he had charge of all the men paying off, etc., directed plaintiff in his work, hired plaintiff, and gave plaintiff the statement. Defendant objected to the introduction of the paper, and later moved to exclude it. It is true Mr. Beck testified that Sessions was not employed by the company after September, 1914, but admitted that Sessions lived in the commissary, and did certain things about employing men at the suggestion of witness, who was an officer of the company, and that plaintiff was employed by Sessions, but under the facts, it was a question for the jury to say what Sessions' authority was, whether a general agent or an agent with limited authority. If he was a general agent, the paper was admissible in evidence, and therefore the court did not err in its rulings.

[2] Charge 1, given at the request of the plaintiff, was in the following words:

"(1) I charge you, gentlemen of the jury, that if K. S. Sessions held himself out to the plaintiff as the agent and representative of the Auxford Brown Ore Company, and K. S. Sessions was exercising authority over the management of the company's business and holding himself out as such representative transacted business with the plaintiff for the Auxford Brown Ore Company, and you are reasonably satisfied of this fact from the evidence, the Auxford Brown Ore Company would be bound by the action of Sessions."

Sessions could not by his acts and declarations define the scope of his agency so as to be binding on the defendant, unless such acts were otherwise authorized or were known to and ratified by the defendant. This phase the charge ignores, and for this reason the giving of it was error. Birmingham Min. R. R. Co. v. T. C., I. & R. R. Co., 127 Ala. 137–148, 28 South. 679.

For this error the judgment must be reversed, and the cause remanded.

Reversed and remanded.